UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GEORGE REVELIOTIS,

      **Plaintiff,**

- against –

MMC EAST, LLC d/b/a PORSCHE HUNTINGTON, BRIAN MILLER, JOHN KAUFMAN, and SHAUN TJEPKEMA,

      **Defendants.**

**COMPLAINT**

Case No.:

**Jury Trial Demanded**

  Plaintiff, **GEORGE REVELIOTIS**, by and through his attorneys, **ZABELL & COLLOTTA, P.C.**, complains and alleges as follows:

### I.  PRELIMINARY STATEMENT

  1. Plaintiff brings this civil action seeking declaratory relief, money damages and affirmative relief based upon the Defendants' violations of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, *et seq*.; and the Corporate Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. §2000e *et*. *seq*., the New York State Human Rights Law (hereinafter "NYSHRL"), N.Y. Exec. Law § 296 *et seq*. (McKinney 1993 & 2001 supp.), and other appropriate rules, regulations, statutes and ordinances. Plaintiff also brings this action to recover declaratory, monetary and affirmative relief based upon violations of the New York State Human Rights Law (hereinafter "NYSHRL"), N.Y. Exec. Law § 296, *et seq*. (McKinney 1993 & 2001 supp.) and additional causes of action arising under other rules, regulations, statutes and ordinances.

## II.  JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. § 1331.  This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

3. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331.

4. This court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Plaintiff filed a timely charge of discrimination and retaliation with the Equal Employment Opportunity Commission (hereinafter "EEOC"). The charge is currently pending before the EEOC.

## III.  PARTIES

6. Plaintiff, GEORGE REVELIOTIS (hereinafter "Plaintiff" or "Mr. REVELIOTIS"), was at all times relevant herein a domiciliary of the State of New York, residing in Suffolk County.

7. At all times relevant to the Complaint, Plaintiff has been an "employee" within the meaning of 29 U.S.C. § 203(e), 42 U.S.C. § 2000e(f), and § 190(2) of the NYLL, a "commission salesman" within the meaning of § 190(6) of the NYLL and a "person" within the meaning of 42 U.S.C. § 2000e(a), and § 292(1) of the NYSHRL.

8. Upon information and belief, Defendant MMC East, LLC d/b/a Porsche Huntington (hereinafter "Porsche Huntington" or the "Company") is a domestic corporation located at 855 E. Jericho Turnpike, Huntington Station, New York 11746.

9. Upon information and belief, at all times relevant to the Complaint, Porsche Huntington has been an "employer" within the meaning of 29 U.S.C. § 203(d), 42 U.S.C. § 2000e(b), § 190(3) of the NYLL and § 292(5) of the NYSHRL.

10. Upon information and belief, at all times relevant to the Complaint, Defendant Brian Miller (hereinafter "Defendant Miller" or "Miller") was and is the Owner of Porsche Huntington.

11. Upon information and belief, at all times relevant to the Complaint, Mr. Miller was and is an "employer" within the meaning of 29 U.S.C. § 203(d), 42 U.S.C. § 2000e(b), and § 190(3) of the NYLL, and a "person" pursuant to 42 U.S.C. § 2000e(a) and § 292(1) of the NYSHRL.

12. Upon information and belief, at all times relevant to the Complaint, Defendant John Kaufman (hereinafter "Defendant Kaufman" or "Kaufman") was, and is, the Vice President of Porsche Huntington.

13. Upon information and belief, at all times relevant to the Complaint, Mr. Kaufman was and is an "employer" within the meaning of 29 U.S.C. § 203(d), 42 U.S.C. § 2000e(b), and § 190(3) of the NYLL, and a "person" pursuant to 42 U.S.C. § 2000e(a) and § 292(1) of the NYSHRL.

14. Upon information and belief, at all times relevant to the Complaint, Brian Miller, John Kaufman and Shaun Tjepkema were "employers" within the meaning of 29 U.S.C. § 203(d), 42 U.S.C. § 2000e(b), and § 190(3) of the NYLL, and a "person" pursuant to 42 U.S.C. § 2000e(a) and § 292(1) of the NYSHRL.

## IV.     FACTUAL ALLEGATIONS

15. Plaintiff repeats and realleges each and every allegation previously contained herein.

16. Plaintiff is male.

17. Plaintiff was employed by Porsche Huntington, a car dealership, from approximately January 2019 through November 2022.

18. Plaintiff was hired by Defendants as a Car Sales Manager and remained in that role until his termination.

19. Defendants failed to provide Plaintiff with written notice of his wage rate upon his hire in accordance with the New York State Wage Theft Prevention Act, NYLL § 195.

20. Defendants hired Plaintiff with a written pay plan that provided for commissions based upon sales gross pursuant to the company financial statement.

21. Porsche Huntington, Brian Miller, John Kaufman and Shaun Tjepkema regularly made improper deductions from Plaintiff's commissions, altering the commissions due to him, beyond the terms of the agreement.

22. As such, Plaintiff did not receive all commissions due each month he was employed by Porsche Huntington.

23. By way of example, non-authorized costs were added to the dealership cost of the vehicle in order to reduce the commission paid.

24. Upon information and belief, this was part of a scheme to defraud Plaintiff and others similarly situated.

25. Porsche Huntington, Brian Miller, John Kaufman and Shaun Tjepkema would fraudulently manipulate sales to reduce commissions payable to Plaintiff and others similarly situated.

26. Immediately upon Plaintiff's hire he became aware of rumors regarding Mr. Tjepkema's use of female staff members for his sexual gratification.

27. On no less than two separate occasions female employees complained to Plaintiff about Mr. Tjepkema's sexual harassment.

28. On the first occasion, a female employee complained that Mr. Tjepkema coerced her into a sexual relationship.

29. Furthermore, the employee complained that Mr. Tjepkema had retaliated against her for ending the sexual relationship.

30. Plaintiff brought the complaint to the dealership's human resources department.

31. However, no action was taken in response to the complaint.

32. Instead, Plaintiff was instructed that he should not bring complaints such as these to human resources, but, should instead report them to ADP, the dealership's payroll provider.

33. Shortly thereafter, a different female employee complained to Plaintiff regarding Mr. Tjepkema's conduct.

34. The employee complained that Mr. Tjepkema made attempts to coerce her into taking a vacation with him.

35. Plaintiff brought the complaint to ADP, in accordance with what he was advised was the dealership's policy on sexual harassment.

36. In both incidents Plaintiff lodged his complaints about the inappropriate behavior and pleaded with management to do more to protect the staff from Mr. Tjepkema's predatory behavior.

37. Additionally, in or around September 2021, Plaintiff was called to testify at a deposition in connection with a lawsuit filed by one of the female staff members.

38. Plaintiff testified regarding the employee's complaint as well as his observations and impressions of Mr. Tjepkema's conduct.

39. Subsequent to lodging his complaints and his opposition to unlawful discriminatory acts Plaintiff was subject to unlawful retaliation.

40. After Defendant Tjepkema's position became open, Plaintiff made it known that he was interested in the position.

41. However, Plaintiff was not afforded the opportunity to interview for the position even though he was the most qualified staff member working at the dealership at the time.

42. Then, in October 2022, Plaintiff was terminated from his employment without cause.

### FIRST CLAIM FOR RELIEF
### (Title VII – Retaliation)

43. Plaintiff repeats and realleges each and every allegation contained herein.

44. Defendants retaliated against Plaintiff in violation of Title VII for making lawful complaints regarding acts of sex discrimination and harassment he observed in Defendants' workplace, for opposing the discriminatory behavior, and for participating in an investigation related to a charge of discrimination brought under Title VII, by terminating Plaintiff's employment with the Company.

45. As a proximate result of Defendants' retaliatory conduct, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits.

46. As a proximate result of Defendants' retaliatory conduct, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages.

47. Plaintiff is entitled to equitable and injunctive relief and an award of compensatory, punitive damages and attorney fees all in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Lawfully Earned Commissions – NYLL Violation)

48. Plaintiff repeats and realleges each and every allegation previously contained herein.

49. During Plaintiff's tenure, Defendants failed to provide Plaintiff with all of his earned sales commissions.

50. During Plaintiff's tenure, Defendants assessed improper fees and costs to Plaintiff's sales.

51. Such fees and costs were not included in Plaintiff's commission sales plan.

52. As a result, Plaintiff did not receive payment of all commissions that he earned while an employee of Defendants.

53. Consequently, by failing to pay Plaintiff his earned sales commission, Defendants violated the New York Labor Law § 191(1)(c).

54. Thus, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid commissions, interest, attorneys' fees and costs

## THIRD CLAIM FOR RELIEF
### (NYLL – Retaliation)

55. Plaintiff repeats and realleges each and every allegation previously contained herein.

56. Defendants retaliated against Plaintiff for making complaints regarding his pay, which resulted in the failure to receive or delayed payment of earned commission in violation of New York Labor Law § 215.

57. As a proximate result of Defendants' retaliatory conduct, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits.

7

58. As a proximate result of Defendants' retaliatory conduct, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages.

59. Plaintiff is entitled to equitable and injunctive relief and an award of compensatory, and liquidated damages and attorney fees all in an amount to be determined at trial.

60. Notice of Commencement of the action brought by Plaintiff against Defendants was served on the New York State Office of the Attorney General, by letter dated April 19, 2023, in compliance with N.Y. Labor Law § 215(2)(b).

### FOURTH CLAIM FOR RELIEF
### (NYSHRL – Retaliation)

61. Plaintiff repeats and realleges each and every allegation contained herein.

62. Defendants retaliated against Plaintiff in violation of NYSHRL for making a lawful complaint regarding acts of sex discrimination and harassment he observed in Defendants' workplace, for opposing the discriminatory behavior, and for participating in an investigation related to a charge of discrimination brought under NYSHRL, by unlawfully terminating Plaintiff's employment with the Company.

63. As a proximate result of Defendants' retaliatory conduct, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits.

64. As a proximate result of Defendants' retaliatory conduct, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages.

65. Plaintiff is entitled to equitable and injunctive relief and an award of compensatory, punitive damages and attorney fees all in an amount to be determined at trial.

## V.    DEMAND FOR JURY TRIAL

66. Plaintiff repeats and realleges each and every allegation contained herein.

67. Plaintiff hereby demands a trial by jury.

**WHEREFORE**, as a result of the discriminatory and unlawful conduct and actions of Defendants herein alleged, Plaintiff demands:

a.  On the First, Second, Third, and Fourth Claims for Relief, an award of damages against Defendants for Plaintiff's actual damages in an amount to be determined at trial;

b.  Porsche Huntington, its agents, employees, and officers, be enjoined from engaging in the illegal and unlawful policies and practices described herein;

c.  Plaintiff be awarded compensatory, liquidated and punitive damages, where applicable by statute, all in an amount to be determined at trial;

d.  Defendants be ordered to pay Plaintiff pre and post judgment interest;

e.  Defendants be ordered to pay the costs and disbursements of this action, including Plaintiff's attorneys' fees; and

f.  Plaintiff be awarded such other and further relief as the court deems just and proper.

Dated:   April 19, 2023
         Bohemia, New York

> Respectfully submitted,
> **ZABELL & COLLOTTA, P.C.**
>
> By:   *Ryan Eden*
>       Saul D. Zabell, Esq.
>       Ryan M. Eden, Esq.
>       One Corporate Drive, Suite 103
>       Bohemia, New York 11716
>       Tel:   (631) 589-7242
>       Fax:   (631) 563-7475
>       SZabell@laborlawsny.com
>       REden@laborlawsny.com

9